NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GERALD J. BRIELMAIER,⁣ )
)
      Appellant,⁣ )
)
v.⁣ )⁣     Case No. 2D18-541
)
BILL FURST, as Sarasota County Property )
Appraiser, and LEON M. BIEGALSKI, as )
Executive Director of the Department of )
Revenue, )
)
      Appellees.⁣ )
_____ )

Opinion filed September 13, 2019.

Appeal from the Circuit Court for Sarasota
County; Andrea McHugh, Judge.

David A. Wallace and Amanda R. Kison of
Bentley & Bruning, P.A., Sarasota, for
Appellant.

Jason A. Lessinger, J. Goeffrey Pflugner,
Anthony Manganiello, III, and Mark C.
Dungan of Icard, Merrill, Cullis, Timm,
Furen & Ginsburg, P.A., Sarasota, for
Appellee Bill Furst.

Ashley Moody, Attorney General, and
Robert P. Elson, Senior Assistant Attorney
General, Tallahassee, for Appellee Leon M.
Biegalski.

BLACK, Judge.

Gerald Brielmaier filed a lawsuit against the Sarasota County Property Appraiser (Property Appraiser) and the Executive Director of the Florida Department of Revenue (Director) after the Property Appraiser recorded a tax lien on his home pursuant to section 196.161(1)(b), Florida Statutes (2016), and revoked his homestead tax exemption.[1]  Mr. Brielmaier brought the suit after the Property Appraiser determined that for approximately nine years Mr. Brielmaier had been benefiting from a homestead tax exemption on his Sarasota County home while simultaneously receiving the benefit of a tax exemption in Wisconsin based upon permanent residency there in violation of section 196.031(5).  Mr. Brielmaier now appeals the entry of the final summary judgment in favor of the Property Appraiser and the Director, raising five issues.  We affirm in all respects.  With regard to the second issue raised on appeal concerning the circuit court's interpretation and application of section 196.161(1)(b), we affirm for the reasons set forth in Fitts v. Furst, 2D18-538 (Fla. 2d DCA Sept. 13, 2019).  We make no comment on the remaining issues raised on appeal.

Affirmed.


VILLANTI and MORRIS, JJ., Concur.

---

[1]Mr. Brielmaier also lost the benefit of the "Save Our Homes" tax cap. See art. VII, § 4(d)(1), Fla. Const.; § 193.155(8), Fla. Stat. (2016).